**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Citadel Watford City Disposal Partners, L.P., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No.: 15-11323 (KJC)<br><br>(Jointly Administered) |
| Citadel Watford City Disposal Partners, L.P., *et al.*<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>State of North Dakota, Industrial Commission of North Dakota, Oil and Gas Division,<br><br>　　　　　　　　　　Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE**
**AND RELATED RELIEF**

The above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors" or "Plaintiffs"), by and through their undersigned counsel, Gellert Scali Busenkell & Brown, LLC ("GSBB") assert claims against the State of North Dakota, Industrial Commission of North Dakota, Oil and Gas Division (the "Defendant") under sections 541, 542 and 362 of title 11 of the United States Code ("United States Bankruptcy Code"), and in support thereof aver as follows:

**PARTIES**

1.　　The Plaintiffs are the Debtors in the above-captioned, jointly administered,

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520). The mailing address for each Debtor is: c/o Gavin/Solmonese LLC, 919 N. Market St., Ste. 600, Wilmington, DE 19801.

bankruptcy proceedings.

2. Upon information and belief, Defendant is located at 600 East Boulevard, Dept. 405, Bismarck, ND 58505-0840.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 1334(b).

4. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

5. The statutory predicates for relief requested are 11 U.S.C. §§ 541, 542 and 362.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

7. On June 19, 2015 (the "Petition Date"), the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

8. The commencement of this case under 11 U.S.C. § 301 created an estate pursuant to 11 U.S.C. §541 (a).

9. The property of the estate consists of "all legal and equitable interests of the Debtors in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

10. As of the Petition Date, the Debtors' estates included Well File No. 90293 (Pembroke SWD #1, SWSW 34-149-98) ("Well") and the associated $50,000.00 surety bond (Bond No. P714) ("Bond"). A true and correct copy of the Bond is attached as Exhibit A. At all times material hereto, the Bond remained property of the Debtors' bankruptcy estates.

11. Pursuant to 11 U.S.C. § 542, the Defendant is required to return the Bond to the Debtors.

12. On December 18, 2015, the Debtors filed the *Motion of the Debtors for Orders: (A)*

*Approving Stalking Horse Bid (B) Approving Credit Bids Under Section 363(k) of the Bankruptcy Code, (C) Approving Bidding Procedures in Connection with the Sale of Substantially all Assets of the Debtors, (D) Scheduling an Auction and Hearing to Consider the Sale of Assets, (E) Approving the Form and Manner of Notice Thereof; and (F) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases* (D.I. 143) ("Sale Motion").  A true and correct copy of the Sale Motion was served upon the State of North Dakota, Secretary of State, 600 E. Blvd. Avenue, Dept 108, Bismarck, ND  58505.  The State of North Dakota did not object to the Sale Motion.

13. On February 10, 2016, the United States Bankruptcy Court for the District of Delaware entered the *Order (1) Authorizing and Approving the Sale of Substantially all of the Assets of the Debtors Free and Clear of Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105 and 363(b), (f) and (m); (2) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (3) Granting Related Relief* (D.I. 240) ("Sale Order").  Pursuant to the Sale Order, the Debtors sold the Well free and clear of all liens, claims, encumbrances and other interests.

14. The commencement of this case triggered an automatic stay, pursuant to 11 U.S.C. § 362(a) with respect to all property of the Debtors.

15. In pertinent part, the Automatic Stay prevents all entities, including the North Dakota Industrial Commission, from "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).

16. On or about October 25, 2016, the Debtors sent a demand letter ("Demand Letter") to Defendant with a copy of the Sale Order instructing that the Bond be immediately turned over to the Debtors.  A true and correct copy of the Demand Letter is attached hereto as Exhibit B.

17. To date, Defendant has failed to provide any response to the Debtors or turn over any of the Bond.

## COUNT I – TURNOVER OF PROPERTY OF ESTATE PURSUANT TO 11 U.S.C. §542

18. The Trustee incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

19. The Bond constitutes property of the estate subject to turnover pursuant to 11 U.S.C. §542.

20. Despite written demand for the turnover of the Bond, Defendant has failed to or has refused to turnover same.

WHEREFORE, the Plaintiffs pray that judgment be entered as follows:

a. for the Plaintiffs and against the Defendant in the amount equal to $50,000, the amount of the Bond, plus any accrued interest, reasonable attorneys' fees; and

b. for such other and further relief as this Court deems appropriate.

## COUNT II – VIOLATION OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(k)

21. The Trustee incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

22. Defendant's failure to turn over the Bond to the Debtors constitutes a violation of 11 U.S.C. §362(a)

23. Defendant's violation of the automatic stay is willful because, notwithstanding its knowledge of the instant bankruptcy and receipt of the Demand Letter, it has continued to exercise control over assets of the Debtors.

24. Pursuant to 11 U.S.C. §362(k), Plaintiffs are entitled to attorneys' fees and punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered as follows:

    a.    for the Plaintiffs and against the Defendant for attorneys' fees pursuant to 11 U.S.C. §362(k); and

    b.    for the Plaintiffs and against the Defendant for punitive damages pursuant to 11 U.S.C. §362(k); and

    c.    for such other and further relief as this Court deems appropriate.

Dated:  January 24, 2017
Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
Shannon Dougherty Humiston (DE 5740)
Evan Rassman (DE 6111)
1201 N. Orange St., Ste. 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
Email: mbusenkell@gsbblaw.com
       shumiston@gsbblaw.com
       erassman@gsbblaw.com

*Counsel to the Debtors and Debtors-in-Possession*